Carroll SINGLETON, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 85–CA–2222–DG.

Court of Appeals of Kentucky.

Nov. 21, 1986.

Discretionary Review Granted by
Supreme Court March 4, 1987.

Supreme Court Opinion and Order Vacating
Order Granting Discretionary Review
and Remanding to Court of Appeals
July 2, 1987.

J. James Rogan, Rogan & Hibberd, PSC, Danville, for appellant.

David L. Armstrong, Atty. Gen., David W. Mossbrook, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, LESTER and MILLER, JJ.

MILLER, Judge.

On November 9, 1984, appellant was cited by an officer of the Department of Fish and Wildlife Conservation for violating KRS 150.390(2). The citation charged "spotlighting" or "jacklighting" wildlife (deer and rabbit). More specifically, the complaint charged "spotlighting w/gun in possession." Upon a plea of not guilty, appellant was tried by a district court jury on March 15, 1985. Appellant maintained that at the time and place of his citation he was not hunting with a spotlight but was there for other legitimate purposes including searching for a deer he had wounded earlier that day. Failing to agree with appellant's contention, the jury returned a verdict of guilty and fixed his punishment at a fine of $300 together with costs.[1] Judgment was entered the same day.

Appellant took an appeal to the Casey Circuit Court pursuant to KRS 23A.080.[2] The circuit court affirmed, upholding the constitutionality of KRS 150.-390(2)—an issue raised in the district court. Appellant sought and was granted discretionary review under CR 76.20.

The constitutionality of KRS 150.390(2) is now before us. That statute provides as follows:

> It shall be unlawful for any person to cast the rays of a spotlight, jacklight, or other artificial lighting devices on any highway or in any field, woodland, or forest, while having in his possession, or under his control, a firearm or other implement by which a deer or rabbit could be killed, even though such game be not shot at, injured or killed.

Appellant maintains the statute is overbroad on its face and contravenes certain sections of the Bill of Rights of this Commonwealth.[3] The Commonwealth argues

---

1. The jury was instructed as follows: INSTRUCTION ONE "You will find the Defendant s/ Carroll A. Singleton guilty, if and only if you find, from all the evidence, and beyond a reasonable doubt, that on the s/ 9th day of s/ November, 198s/ 4, in Casey County, Kentucky, and before the issuance of the warrent [sic] or citation herein, that the defendent [sic] s/ did cast the rays of an artificial lighting device upon a field or woodland while having in his possession or under his control a weapon by which a deer or rabbit could be killed."

2. It is argued by the Commonwealth that the appeal to circuit court was belatedly perfected under CR 72.08, and for the reason that circuit court was without jurisdiction to hear the appeal. We decline to accept this contention, and consider the appeal on the merits in view of the fact the circuit court expressed an opinion upon the constitutional issue raised in the district court. Moreover, the circuit court having considered the appeal on the merits, we are inclined to review the matter under the tenets of *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986).

3. Our attention is directed to sections 1, 2, 11

that appellant has no standing to challenge the statute as overbroad; that the statute was properly applied to appellant and did not concern First Amendment rights. We reject the Commonwealth's contention.

 It is facially apparent the statute may be construed so as to condemn a variety of constitutionally-protected conduct. It seems to us of no significance whether the conduct is protected by the Bill of Rights, the right of privacy, or by some other constitutional provision; if it falls within the ambit of the overbroad statute and may likely be condemned, the constitutionality of the statute may be questioned as overbroad.[4] The constitutionality of a statute is not saved because the conduct charged may, in fact, be unlawful, for—as stated by Justice Leibson in *Musselman v. Commonwealth*, Ky., 705 S.W.2d 476, 477 (1986),— "the fact that movant's [conduct] would justify a conviction if the statute were constitutionally adequate adds nothing to the statute as written." In that case, the Court considered coarse and abusive language as constituting the crime of harassment.[5] It was held that, although the defendant's language was, in fact, coarse and abusive, the harassment statute was constitutionally overbroad because, in absence of judicial interpretation, it would condemn nonoffensive language. The Court refused to engage in the practice of sorting language to determine whether it offended the statute. The statute at hand, as written, is constitutionally defective; thus, the object of appellant's conduct at the time and place in question is of no consequence. We cannot, in the judicial branch, look to the nature of a citizen's conduct, determine its lawfulness or unlawfulness, and condemn it, if appropriate, under an act so broad as to condemn both types of conduct. The case at hand is highly illustrative of the evils of an overbroad statute. Examining the instruction (note 1 at 2) rendered in conformance with the statute, one cannot ascertain whether the jury, as fact finders, concluded appellant was taking game with a light or whether he was inoffensively driving on a public roadway with a firearm at hand. The instruction would have authorized conviction in either event.

Here, we parenthetically note that *if* appellant was taking game by artificial light, it was a reprehensible act, by any standard. It can only be seen as a dramatization of man's relentless will to plunder his resources and needlessly slaughter the life on this planet. Such conduct is eschewed by all right-thinking persons.

However that may be, we are not at liberty, as a court, to act in condemnation. Appellant, as all citizens of this Commonwealth, is heir to and beneficiary of a constitution. His rights thereunder cannot be compromised by any man, nor can they be abridged by this court.

For the foregoing reasons, the judgment of the Casey Circuit Court is reversed.

All concur.

---

and 26 of our Constitution. The Commonwealth contends appellant is confined to the sections argued below; however, we believe he is not so limited. *See Connors v. Jefferson County Fiscal Court*, 277 Ky. 23, 125 S.W.2d 206 (1939).

4. The limitation of the overbreadth doctrine to pure speech seems unrealistic. Appellant's right to freely and unmolestedly traverse the public road at the time and place in question is clearly a conduct falling within the penumbra of guarantees afforded in the Bill of Rights. It is ancillary to both free speech and right of privacy. *See of relevant interest* Bogen, *First Amendment Ancillary Doctrines*, 37 Md.L.Rev. 679 (1978), and, Comment, *Should the "Substantial Overbreadth" Doctrine Be Overhauled? The Example of Morrisetti v. Dilworth*, 33 Buffalo L.Rev. 457 (1984).

5. Kentucky Revised Statute 525.070.