Larry Wayne PALMER, Appellant,

v.

Michael O'DEA, Appellee.

No. 1998–CA–002247–MR.

Court of Appeals of Kentucky.

Oct. 8, 1999.

Case Ordered Published by Supreme Court Dec. 23, 1999.

---

Larry Wayne Palmer, Eddyville, Kentucky, pro se.

Barbara W. Jones, Frankfort, Kentucky, for appellee.

Before GARDNER, HUDDLESTON and KNOX, Judges.

## OPINION

GARDNER, Judge:

Larry Wayne Palmer (Palmer) appeals from an order of the Morgan Circuit Court dismissing his action for failing to comply with a prior filing fee order. We affirm.

Palmer is an inmate at the Eddyville State Penitentiary. On May 19, 1998, he filed a petition with the Morgan Circuit Court seeking a declaration of rights, and sought to proceed in forma pauperis. Shortly thereafter, the court entered an order setting his filing fee at $5.00. Palmer did not tender the filing fee within the forty-five day period set forth in the order, and the court dismissed his action without prejudice. Palmer subsequently offered evidence that funds in his prison account were unavailable, and he sought a waiver of the fee. The motion was denied, and this appeal followed.

The sole issue for our consideration is whether the circuit court committed reversible error in dismissing Palmer's action without prejudice for failure to comply with the order setting the filing fee at $5.00. Kentucky Revised Statute (KRS) 454.410, the controlling statute, provides that an inmate may proceed in forma pauperis or at a reduced fee depending on his financial circumstances. By adopting this statute, the legislature created a procedure for the circuit courts to follow when determining the amount of court fees and costs an inmate who has commenced an action must pay.

Initially, an inmate who commences an action must file a certified copy of his prison account statement for the six months preceding the commencement of the action. KRS 454.410(1). Next, the court determines the amount of fees and costs due based on the inmate's ability to pay. KRS 454.410(2). The fees and costs may range from a minimum of $5.00 up to the full amount otherwise imposed by law. Id.

An inmate may move for a waiver of all court fees and costs by filing an affidavit of "special circumstances" explaining why he cannot pay the fee. KRS 454.410(3). If the court determines that all fees and costs should be waived, it must notify the inmate in writing. KRS 454.410(4). If the court denies the motion to waive all fees and costs, it must notify the inmate in writing and give him at least forty-five days in which to pay. Id. A failure by the inmate to pay the fees and costs or have them waived will result in dismissal of the case. Id.

The Morgan Circuit Court correctly followed this procedure in the matter at bar. KRS 454.410(2) specifically permits the court to assess a fee in the amount of $5.00 as was done in this case. The court reviewed Palmer's prison account on at least two occasions and determined that the minimum statutory filing fee was appropriate. While it is true that Palmer's account often contained few funds, the record indicates that in the months preceding the filing of this action deposits were made to the account in the amounts of $40.00, $155.00, $73.75 and $37.50 for the months of January through April, 1998.

The decision to grant or deny a motion to proceed in forma pauperis is within the discretion of the trial court and we may not reverse that decision in the absence of clear error. Kentucky Rule of Civil Procedure (CR) 52.01; *Bush by Bush v. O'Daniel*, Ky., 700 S.W.2d 402 (1985). We find no such error. While it is clear that Palmer is not currently a person of

means, the record supports the conclusion that the payment of a $5.00 filing fee was not beyond the scope of his ability.

For the foregoing reasons, we affirm the order of the Morgan Circuit Court.

All concur.