RENDERED:  JUNE 23, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0609-DG

BETHANY WHITCHER                                                            APPELLANT

v.
ON DISCRETIONARY REVIEW
FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN L. WILSON, JUDGE.
ACTION NUMBER 21-XX-00002

HOUSING AUTHORITY OF
HENDERSON                                                                        APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CETRULO, JUDGES.

ACREE, JUDGE:  Appellant Bethany Whitcher appeals the Henderson Circuit

Court order affirming the district court's denial of her motion to proceed *in forma*

*pauperis* pursuant to KRS[1] 453.190.  Having reviewed the record, we reverse.

---

[1] Kentucky Revised Statutes.

Appellant is a single mother who formerly lived in public housing before being evicted. Appellee, Housing Authority of Henderson, sought to evict Appellant after she allegedly failed to properly comply with an annual public housing recertification process. At the time of the eviction, Appellant's only income was $840 per month she received in child support payments and $430 per month she received from the Supplemental Nutrition Assistance Program (SNAP). Appellant's SNAP benefits ended in May 2021. In the forcible detainer action to evict her, Appellant proceeded without legal representation in the district court, and the district court entered judgment against her on April 13, 2021.

After this, with the assistance of Kentucky Legal Aid, Appellant filed a motion to proceed *in forma pauperis* in the district court. In support of this motion, Appellant filed a Form AOC-026, an affidavit attesting to the above-stated monthly income, as well as: $31 cash, no real estate or other assets, and significant debt, which included credit card debt, student loans, and court fines. The district court denied this motion, with the record revealing no discernable reason why.

On appeal to the Henderson Circuit Court, the circuit court affirmed the district court's decision in a written order barely one page in length. The circuit court did not state why it was affirming, other than saying the court may only overturn the lower court if there is clear error. The circuit court then summarily said: "Having reviewed the record, the Court cannot conclude that

there was clear error in this case." The circuit court gave no further explanation.

Thus, it is unclear why Appellant was denied *in forma pauperis* status. Thereafter,

Appellant filed a motion for discretionary review, which this Court granted.

From 1976 until 2017, the General Assembly defined "poor person"

for purposes of waiving court costs and fees as follows:

> A "poor person" means a person who is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing.

KRS 453.190(2) (1976) (unchanged by additions to KRS 453.190 per 1996 Ky.

Laws ch. 118 § 4 (H.B. 323) (eff. Jul. 15, 1996); subsection (2) amended by 2017

Ky. Laws ch. 158 § 1 (S.B. 120) (eff. Jun. 29, 2017). The subjective nature of this

standard is obvious. It is why, when it applied the statute in 1985, the Supreme

Court said the decision to grant *in forma pauperis* status, "like a decision on any

other question which is addressed to the sound discretion of the trial court, will not

be reviewed de novo, but will only be reversed if clearly erroneous. CR[2] 52.01."

*Bush by Bush v. O'Daniel*, 700 S.W.2d 402, 405 (Ky. 1985). The statute had not

changed when this Court said the same thing. *Edwards v. Van De Rostyne*, 245

S.W.3d 797, 799 (Ky. App. 2008).

---

[2] Kentucky Rules of Civil Procedure.

In 2017, the General Assembly amended KRS 453.190(2). It now has two parts, the first being an objective standard and the second the original subjective standard, and it now reads as follows:

> A "poor person" means [1] a person who has an income at or below one hundred percent (100%) on the sliding scale of indigency established by the Supreme Court of Kentucky by rule or [2] is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing.

KRS 453.190(2). The additional objective standard is a relatively simple one to apply and has only one factor – income. The trial court considers proof of the applicant's income and compares that to the sliding scale of indigency. If income is at or below the scale's measure, *in forma pauperis* status is granted; if income is above it, such status is denied.

The General Assembly could have added the objective standard either before or after the original language. It chose to place it first in the sequence. In the final analysis, the sequence may not matter. However, this sequencing indicates an intention that the objective standard should first be applied; its definite criteria, if met, facilitates an equally definite and clear-cut judicial determination. But this one-size-fits-all approach does not account for subjective circumstances that make meritorious cases of those that do not qualify under the objective

standard.  Hence, the General Assembly retained the original subjective standard for application in the alternative.[3]

The addition of this objective standard does not affect the standard of review on appeal.  It remains as stated in CR 52.01.  "If the trial judge's findings of fact in the underlying action are not clearly erroneous, *i.e.*, are supported by substantial evidence, then the appellate court's role is confined to determining whether those facts support the trial judge's legal conclusion." *Commonwealth v. Deloney*, 20 S.W.3d 471, 473-74 (Ky. 2000).  However, while deferential to the lower court's factual findings, appellate review of legal determinations and conclusions from a bench trial is *de novo.  Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012).

Because the district court used Form AOC-026, it simply checked a box denying Appellant's application and made no findings of fact.  On review, we examined the record to determine what evidence of Appellant's income might have contradicted her affidavit of income.  We found none.

As discussed below, there can be no question Appellant met the objective standard defining "poor persons" to allow her to proceed *in forma pauperis*.  "[I]f the appellant had shown conclusively that she was a poor person

---

[3] There is no explanation why the form used in this and similar cases, Form AOC-026 (p. 3), reverses the sequence.

within the meaning of KRS 453.190, then it was an abuse of discretion if the trial court did not permit her to proceed in forma pauperis." *Salyers v. Cornett*, 566 S.W.2d 418, 419 (Ky. 1978).

Supreme Court Order 2017-12 sets forth the applicable sliding scale of indigency under KRS 453.190(2) and says applicants who head households of two persons, such as Appellant, and whose household income is less than $17,420,[4] qualify for status as a "poor person"; *i.e.*, qualify for indigency status.

Appellant's income is only $10,080 – more than six thousand dollars below the income threshold on the scale.[5] Because Appellant's income is below the threshold, she qualifies as a poor person and is entitled to proceed *in forma pauperis*. Neither the district court nor the circuit court identifies a reason for deviating from the guidelines.

Accordingly, denial of *in forma pauperis* status constitutes clear error on the district court's part. Why the circuit court determined no clear error occurred is not discernable from either the record or the circuit court's order.

---

[4] Supreme Court Order 2017-12 originally shows this amount as $16,420; however, the order states it "will be updated annually to reflect the most current Federal Poverty Guidelines" which, for the applicable time frame, was $17,420.

[5] Appellant asserts KRS 403.212(3)(b) excludes from income for the purpose of calculating what it takes to raise a child any "benefits received from means-tested public assistance programs[.]" We need not determine whether that rule applies to KRS 453.190(2) for two reasons: (1) Appellant no longer received SNAP after May 2021 and (2) even including the additional SNAP moneys would yield income of only $15,420, still two thousand dollars below 100% of the sliding scale for indigency.

The current version of KRS 453.190(2) could not be clearer, and Appellant's evidence could not have been more persuasive.

For the aforementioned reasons, we reverse.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Katina Miner
Lauren Andrini
Bowling Green, Kentucky