**Tacie B. MANLY, Movant,**

v.

**Samuel MANLY, Respondent.**

Supreme Court of Kentucky.

May 10, 1984.

Donald L. Gulick, Burbank & Gulick, Louisville, for movant.

Frank E. Haddad, Jr., Louisville, for respondent.

### OPINION OF THE COURT

The question on review is whether the payment of the fee required by CR 76.-42(2)(a)(i) is a prerequisite to the filing of a Notice of Appeal.

The movant deposited in the circuit court clerk's office a Notice of Appeal from a judgment of the Jefferson Circuit Court on the last day permitted by CR 73.02(1)(a). In accordance with a practice available in the Jefferson Circuit Court, movant did not deliver the Notice of Appeal to the clerk or to a deputy, but merely placed in it a machine which stamped it as follows:

Filed in Clerk's office

Jefferson Circuit Court

date and time

Paulie Miller, Clerk

by ——————— D.C.

Movant then left the Notice in a box in the clerk's office but did not pay the filing fee. Two days later the filing fee was paid.

The Court of Appeals dismissed the appeal for the reason that the Notice of Appeal could not be considered to be filed until the filing fee was paid, and therefore the Notice of Appeal was not actually filed within the 30-day period required by the Rules.

Because this presents a significant question in the interpretation of the Rules of practice which affects the entire bar, we granted discretionary review.

Prior to 1981, a filing fee for appeals was required to be paid to the clerk of the appellate court as a step in perfecting an appeal. CR 76.42(2)(a). On July 1, 1981, the Rules of practice were amended in such a manner that the filing fee was required to be paid, not as a step in perfecting an appeal previously commenced, but as a condition of commencing an appeal.

Effective July 1, 1981, CR 73.02(1)(b) was amended to read as follows:

"If an appeal or cross-appeal is from an order or judgment of the circuit court, the filing fee required by Rule 76.-42(2)(a)(i) or (ii) shall be paid to the clerk of the circuit court at the time the notice of appeal or cross-appeal is filed, and the notice shall not be docketed or noted as filed until such payment is made."

Movant contends that the filing of the notice of appeal within 30 days of the judgment appealed from is mandatory and jurisdictional, but the payment of the filing fee is only procedural, and consequently the failure to pay the fee at the time of filing the notice does not deprive the appellate court of jurisdiction of the appeal.

Movant contends that if the Supreme Court really intended the payment of the filing fee to be a jurisdictional prerequisite to the taking of an appeal, it would have amended CR 73.01 to provide that an appeal may be taken by filing a Notice of Appeal and by paying the fee required by CR 76.42(2)(a), and would have amended CR 73.02(1)(b) to read that no Notice of Appeal can be filed or accepted for filing by the clerk until the filing fee has been paid.

The language suggested by movant would certainly have foreclosed the argument advanced in this case, but we are not convinced that the language of the Rule is ambiguous nor that it constitutes a trap for the unwary practitioner.

■ All of the Civil Rules of practice are, in a sense, procedural in that they outline methods of practice and procedure. In appellate practice, Section 115 of the Kentucky Constitution provides for one appeal as a matter of right. It does not, however, guarantee a right of appeal practiced outside the Rules governing appellate practice. *Foremost Ins. Co. v. Shepard,* Ky., 588 S.W.2d 468 (1979).

■ CR 73.01 provides that an appeal may be taken by filing a Notice of Appeal. CR 73.02(1)(a) provides the time limit within which the Notice may be filed. Al-

though these rules are Rules of Procedure, failure to comply with them is fatal to an attempted appeal.

CR 73.02(1)(b) not only provides that the filing fee *shall* be paid to the clerk of the circuit court at the time the Notice of Appeal is filed, but further provides that the Notice of Appeal *shall* not be docketed or noted as filed until such payment is made.

Movant asserts that the plain language of the Rule, by stating that the Notice shall not be noted as filed until such payment is made, anticipates situations where the fee may be paid at some time after the Notice is deposited with the clerk. This may be true in instances where the Notice is tendered before the last day for filing and the fee is subsequently paid before the expiration of the 30 days, but here the fee was not paid within the 30 days, and consequently the Notice of Appeal was not filed timely.

When a Notice of Appeal is delivered to the clerk, it is presented or tendered for filing. The clerk files the Notice by noting thereon the time and date thereof. CR 5.05.

CR 73.02(1)(b) now prohibits the clerk from noting the document as filed until the fee is paid.

The act of a clerk in endorsing upon a Notice of Appeal that it is filed and the time and date of filing is a nullity where he is precluded from doing so until he has collected a filing fee which he has not, in fact, collected.

■ The filing of a Notice of Appeal is jurisdictional in the sense that it is the method by which the jurisdiction of an appellate court is invoked. The time limitation upon the filing of the Notice is necessary in order that judgments may become final and not subject to appeal after the expiration of the time allowed for the filing of a Notice of Appeal. This court has consistently required strict compliance with the time limitation for filing the Notice.

It is not the payment of the filing fee, but rather the filing of the Notice of Appeal which invokes the jurisdiction of the

appellate court. Because the notice cannot be filed until the fee has been paid, the failure to timely pay the fee is fatal to the timely filing of the Notice of Appeal.

The filing of the Notice of Appeal in this case was not timely because, under the Rules, it could not be filed until the filing fee was paid. The Notice was not filed on the 30th day as indicated by the stamp placed on the Notice by the clerk's office. The stamp indicating it was filed on that date is nullity because the clerk had no authority to file the notice, pursuant to CR 73.02(1)(a) until he had collected the filing fee. The filing fee was paid on the 32nd day after entry of Judgment, and the Notice of Appeal was actually filed on that date. It was not timely filed. The result reached here may seem harsh to some. If relief is to be provided, however, it should come about by way of a change in the Rule, not from a failure to enforce it.

█ It is the holding of this court that the payment of the filing fee for appeals is no longer simply a procedural step in perfecting an appeal. The payment of the filing fee is a condition precedent to the filing of a Notice of Appeal, and until the filing fee has been paid, the Notice of Appeal cannot be filed.

█ There are now pending before this court a number of appeals involving this very issue. Because of an apparent widespread misunderstanding of the import of CR 73.02(1)(b) and the customary, albeit unauthorized, practice in some circuits, we have decided to give this opinion prospective effect only. This decision shall become effective and shall govern the filing of Notices of Appeal on and after the 1st day of June, 1984.

The dismissal of this appeal is reversed, and the case is remanded to the Court of Appeals for further proceedings.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and VANCE, JJ., concur.

LEIBSON and WINTERSHEIMER, JJ., each dissent by separate opinions.

LEIBSON, Justice, dissenting.

Respectfully I dissent. The issue before us is not a matter of jurisdiction, but only of procedure. Jurisdiction derives from the Judicial Article of the Kentucky Constitution, Sec. 109–124. The rule in question is a court made rule pursuant to the Kentucky Constitution, Section 116:

"The Supreme Court shall have the power to prescribe rules governing its appellate jurisdiction ... and rules of practice and procedure for the Court of Justice."

We prescribe the rules and we interpret the rules. We decide whether and when to require strict compliance. We must accept the responsibility for the decision.

Shall every violation result in dismissal, no matter how inconsequential? The Court of Appeals felt constrained to follow this Draconian logic, no doubt impelled by the mandate of this Court as expressed in *Foremost Ins. Co. v. Shepard,* Ky., 588 S.W.2d 468 (1979).

But the "policy of strict compliance with rules of procedure regarding appeals" announced in *Foremost* has led us to a point where appellate practice has become a procedural nightmare for the litigant.

We should not treat a rule directing payment of a fee as a jurisdictional threshold. CR 73.02(1)(b) should be considered nothing more than an order to the Clerk of the Circuit Court to see to it that the filing fee scheduled in CR 76.42(2) is paid at the time the notice of appeal or cross-appeal is filed. Certainly in the circumstances of this case the language of the rule is not so clearly to the contrary that an appellant's lawyer would necessarily anticipate that an appeal would be dismissed. We should not turn a system that was designed to promote efficiency into a trap for the unwary.

In *Ritchie v. Mann,* Ky., 500 S.W.2d 62 (1973), the Clerk accepted a complaint filed in an election contest, marked it filed and issued a summons, even though the $35 filing fee required by statute was not paid in advance. We held:

"This court has held that the clerk may refuse to file a complaint without pay-

ment of the fee, (case cited) but has never held that he cannot file it or that a filing without payment is ineffective." 500 S.W.2d at 64.

I see no distinction in the logic behind the decision in *Ritchie* and the present case.

In the present case the rule says the clerk shall not docket the appeal nor note it as filed until payment is made, but the local practice permitted otherwise. No prejudice resulted to the appellee from late payment. The motion to dismiss the appeal was based on discovering a technical error, nothing more. In such circumstances dismissal as the only alternative is arbitrary. Where there is no prejudice to the adverse party, other sanctions, or no sanctions, may be more appropriate.

There are policy considerations that mandate strict compliance with certain rules such as timely filing of the notice of appeal. On the other hand, although the clerk should demand payment of the filing fee before permitting the notice of appeal to be filed, no policy considerations exist for holding the time of payment of a filing fee to be a jurisdictional prerequisite.

The Honorable James B. Stephenson, Justice, dissenting in *Foremost, supra,* wrote "it is my opinion that we should abandon the rigid policy of strict compliance, as announced in the majority opinion, in favor of a policy of substantial compliance where the defect does not mislead or prejudice the opposing party." He quoted *Foman v. Davis, Executrix,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) as follows:

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." 371 U.S. at 181–82, 83 S.Ct. at 230.

The time has come to move towards a balanced interpretation of appellate rules, respecting both form and substance, rather than adhering rigidly to form at the expense of substance.

I would reverse the Court of Appeals and direct that the present appeal be decided on the merits.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from so much of a majority opinion as holds that the payment of a filing fee is in the nature of a jurisdictional prerequisite to the filing of a Notice of Appeal and that such payment is a condition precedent to the filing of an appeal.

It is necessary to consider the application of Civil Rules 73.02 and 76.42 in the light of the constitutional judicial amendment expressed in Section 115 mandated by the people in 1975. In this case a timely Notice of Appeal was filed, but the $100 filing fee was not tendered until its absence was discovered by a circuit clerk two days later.

The paramount question is the inherent right of appeal which should not be limited by unreasonable restrictions arising from judicial rules. All such rules must be founded on sound reason and should be intended to facilitate public access to the courts and not to impede or make more complicated the judicial process. As long as there is a timely Notice of Appeal, I believe the principles of substantial compliance should apply to the procedural rules which directly relate to the filing of such a notice so long as the court is not misled and there is no substantial prejudice to the other parties to the appeal, and the orderly judicial process is not unduly disturbed.

The only reasonable policy consideration for the prompt payment of the filing fee is to insure that the fees are in fact paid. This is a matter of effective administration and not in the nature of a jurisdictional requirement of the right to file an appeal.

Civil Rule 73.02(1)(b) provides that the Notice of Appeal shall not be docketed or noted as filed until such payment is made. Read together with CR 79.06(3), it indicates that an appeal cannot proceed until the fee is paid.

The Court of Appeals rendered a widely-split opinion on this same subject, voting 9

to 5 to dismiss the present appeal with the minority issuing three separate dissenting opinions. This is not the first time that the Court of Appeals has been severely split on the issue of substantial compliance. In 1978, the Court of Appeals rendered an 8 to 6 *en banc* decision upholding strict compliance. There were two extensive dissenting opinions in that case. The opinion of the Court of Appeals was originally published in the advance sheets at 576 S.W.2d 255 (1978), but was subsequently withdrawn. The Supreme Court rendered an opinion in *Foremost Ins. Co. v. Shepard*, Ky., 588 S.W.2d 468 (1979), requiring strict compliance. I would overrule *Foremost, supra.*

Prior to July 1, 1981, the only reference to the payment of a fee on appeal was found in CR 76.42(2)(a), which provided then, as it does now, for a $100 filing fee to be paid for docketing an appeal in the Court of Appeals. That fee was paid to the Clerk of the Court of Appeals at the time of perfecting the appeal, and the case was then docketed by the appellate clerk.

When CR 73.02(1)(b) went into effect on July 1, 1981, the filing fee required by CR 76.42(2)(a) was henceforth to be paid to the circuit court clerk at the time the Notice of Appeal was filed. This rather simple change of the time for paying the docketing fee has been improperly interpreted as transforming the filing fee from an ancillary procedural step securing the review of the judgment appealed, to a step which affects the validity of the very appeal itself.

If such a dramatic change had been intended by the Supreme Court in 1981, it had only to add language to Secs. (1)(a) of 73.02 and a paragraph (2) of 73.01 to put the legal profession on notice that such a change was being made. Instead Sec. (1)(a), which contained the language consistently referred to in cases in which the issue of a proper appeal is before the Court, remained unchanged after the 1981 amendment, and is essentially unchanged from its original adoption.

The Kentucky Rules of Civil Procedure, when originally introduced in 1952, were based largely on the existing Federal rules. A comparison of the Kentucky rule with the Federal rule indicates that the requirement for paying filing fees is an ancillary procedural step which, although mandatory, is not a jurisdictional condition precedent. Fed.R.Civ.P. 73(a).

In his Commentary on the original Civil Rule 73.02, Commissioner Watson Clay cites federal court decisions interpreting the federal rule which hold that the filing of a Notice of Appeal is jurisdictional but not the ancillary steps. W. Clay, Ky. Prac., 3rd ed., Civil Rule 73; *See Daniels v. Goldberg*, (D.C.N.Y.1948), 8 F.R.D. 580; *W.H. Lailer & Co. v. C.E. Jackson Co.*, (D.C. Mass.1948), 75 F.Supp. 827.

*Gould v. Members of N.J. Div. of Water Policy & Supply*, (C.A.3, 1977) 555 F.2d 340, indicates that the late payment of a filing fee did not invalidate a timely Notice of Appeal. I believe Kentucky can logically move from a position of strict compliance with the technical language of the rules to a broader position of substantial compliance as to the procedures in filing an appeal. I would adopt the federal interpretation insofar as a technically deficient Notice should be held effective although incomplete, so long as the Notice of Appeal reflects the true intention of the appellant, is timely filed, does not mislead the court or involve an undue delay in the proceedings and does not result in a substantial prejudice to the other parties to the appeal.

Substantial compliance with the Civil Rules is not a new or revolutionary doctrine. In *White v. Hardin Co. Board of Education*, Ky., 307 S.W.2d 754 (1957), the then Court of Appeals refused to dismiss an appeal for failure to designate an appealable order or judgment on the grounds that there had been sufficient substantial compliance with the civil rules.

When the examination of the appellant's documents requires additional attention by the clerk's office or the court system, then a severe system of penalty, short of dismissal with prejudice, should be established, measured by the amount of judicial

time needed to analyze and correct the deficiencies in question.

Certainly there must be a proper respect for the civil rules among lawyers. However, the right of appeal is not indigenous to lawyers but directly affects the people. There should not be an inordinate or hyper-technical reliance on so-called "magic words." Our concern must be for substance and not just legal form. If a lawyer falls into careless practice, I would recommend a severe monetary penalty or other discipline. I believe a dismissal of the client's claim of appeal, with prejudice, is a totally inappropriate remedy because it punishes the client for selecting a poor lawyer. A dismissal under the present system would burden the client by requiring him to engage new counsel to sue his first lawyer for a possible malpractice. This is a costly and involved procedure which creates additional mistrust and suspicion in the public mind. Moreover malpractice suits adversely reflect on the innocent members of the legal profession unnecessarily and in a disproportionate manner through increased insurance rates. The inept, careless or negligent lawyer should be penalized or disciplined, but his client should not be punished and his fellow professionals should not suffer.

I believe it is our responsibility to improve the appellate process and not to unduly aggravate the public conception of the legal and judicial mystique. This matter could have been concluded in 1981 with a suitable monetary penalty imposed on the lawyer only.

Accordingly, I believe the filing fee is procedural in nature and this Court has wisely chosen not to dismiss the appeal. In any event, the payment of the filing fee is essential to the valid processing of the Notice of Appeal, and therefore this ruling has been correctly applied prospectively.