**Steve READY and Michael Stephens, Appellants,**

v.

**Tom JAMISON, Appellee.**

**Randy HUDSON, Appellant,**

v.

**Sterman ADAMS, d/b/a Adams' Market, Appellee.**

**John HAMMONS, Appellant,**

v.

**Revellia Frances Bishop HAMMONS, Appellee.**

Supreme Court of Kentucky.

Feb. 27, 1986.

Choya G. Oliver, Lexington, for appellants, Ready and Stephens.

Grover S. Cox, Louisville, for appellant, Hudson.

David L. Drake, Covington, for appellant, John Hammons.

Paul T. Allen, Jr., C.B. Creech, M.J. Curtis, Ashland, for appellee, Jamison.

Scott Plain, Owensboro, for appellee, Adam's Market.

Kendall Robinson, Booneville, for appellee, Revellia Hammons.

LEIBSON, Justice.

These three appeals were ordered heard together because they involve what is essentially one issue. In each case there was a defect in the Notice of Appeal in that the notice failed to properly designate a final judgment as specified in CR 73.03 and as defined by CR 54.01. In each the Notice of Appeal was timely filed as required by CR 73.02(1)(a), but the Notice of Appeal erroneously stated that the appeal was being taken from an order of court overruling a post judgment motion instead of specifying that the appeal was taken from the judgment itself.

CR 54.01 states that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties."

In *Ready and Stephens v. Jamison*, the Notice of Appeal specified that the appeal was from the Opinion and Order overruling the appellants' motion for a judgment notwithstanding the verdict of the jury. Properly stated, the appeal was from the judgment on the verdict.

In *Hudson v. Adams' Market*, the Notice of Appeal specified that the appeal was from the court's order overruling the appellant's motion to reconsider the summary judgment previously granted. Properly stated, the appeal was from the summary judgment.

In *Hammons v. Hammons*, the Notice of Appeal specified that the appeal was from the court's order overruling the appellant's motion for reconsideration of the

terms of a decree of dissolution of marriage. Properly stated, the appeal was from the decree.

All three of these cases were filed subsequent to the changes in the Civil Rules effected January 1, 1985. These changed both CR 73.02(2), which specifies the penalties for failure to comply with rules relating to appeals, and CR 76.14, which requires a prehearing statement in civil actions appealed to the Court of Appeals.

The change in CR 76.14 provides for a prehearing statement which affords prompt notification to one's opponent of the "claims, defenses and issues [to be] litigated." CR 76.14(3)(g). This greatly diminishes the possibility of harm or prejudice to one's opponent in present circumstances.

The change in CR 73.02(2) is critical to the decision in the cases before us. CR 73.02(2), as amended effective January 1, 1985, provides in pertinent part:

> "The failure of a party to file notice of appeal *within the time specified* in this rule [in CR 73.02(1)(a) ], ... shall *result in a dismissal* of the appeal.... The failure of any party to comply with *other rules* relating to appeals ... *does not affect the validity* of the appeal ... but is ground only for such action as the appellate court deems appropriate, which may include:
>
> (a) A dismissal of the appeal or motion for discretionary review,
>
> (b) Striking of pleadings, briefs, record or portions thereof,
>
> (c) Imposition of fines on counsel for failing to comply with these rules of not less than $250 nor more than $500, and
>
> (d) Such further remedies as are specified in the applicable Rule." (Emphasis added.)

Before this change in CR 73.02(2), commencing with *Hawks v. Wilbert*, Ky., 355 S.W.2d 655 (1962) and concluding with *Foremost Insurance Co. v. Shepard*, Ky., 588 S.W.2d 468 (1979), this court interpreted the portion of CR 73.03 which specifies the contents of a Notice of Appeal as requiring dismissal where the judgment appealed from was inappropriately designated. This was an automatic dismissal regardless of whether any harm or prejudice resulted to the opponent from the defect in the notice. Continued adherence to this policy of automatic dismissal regardless of prejudice is in conflict with the policy of substantial compliance which is now followed in the federal courts and the vast majority of our sister states who have considered the matter. Recently, in *Manly v. Manly*, Ky., 669 S.W.2d 537 (1984), while sticking to our policy of strict compliance and automatic dismissal,[1] we stated:

> "If relief is to be provided, however, it should come by way of a change in the Rule, not from a failure to enforce it." 669 S.W.2d at 540.

Since *Manly*, with the enthusiastic endorsement of the members of the Kentucky Bar Association voiced in a public hearing on proposed rule changes at the 1984 KBA Convention, relief has been provided by way of a change in the rules. New CR 73.02(2) is that change. Thus, we utilized the door to change left open in *Manly*.

The time has come to recognize the change from the "policy of strict compliance with rules of procedure regarding appeals" (*Foremost, supra* at 469), to a new policy of substantial compliance as set out in CR 73.02(2).

It remains for us to specify how this new policy applies in present circumstances.

■ With reference to the defects in the contents of the Notice of Appeal filed in the three cases presently under consideration, automatic dismissal is not an appropriate remedy. Dismissal is not an appropri-

---

1. In *Manly* we held that the filing of a Notice of Appeal was not timely because the filing fee was not paid at the time the Notice of Appeal was filed. Note that since *Manly*, in *Bush v. O'Daniel*, Ky., 700 S.W.2d 402, 404 (1985), we presaged our present decision with this statement:

"Where the reason for failing to pay the [filing] fee is because one seeks to perfect a poor person's appeal, under CR 73.02(2) as amended, effective Jan. 1, 1985, it is no longer fatal to file a notice of appeal before paying the filing fee."

ate remedy for this type of defect so long as the judgment appealed from can be ascertained within reasonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent. While our court continues to have a compelling interest in maintaining an orderly appellate process, the penalty for breach of a rule should have a reasonable relationship to the harm caused. Likewise the sanction imposed should bear some reasonable relationship to the seriousness of the defect. While dismissal still may be appropriate where the breach of the rule and the harm to the opponent is sufficiently serious, under CR 73.02(2) the appellate court is charged with the burden of deciding the appropriate sanction on a case by case basis.

It remains to be seen whether this case by case consideration will unduly burden the appellate courts. It should in fact result in fewer rather than more motions for relief, since the opponent will realize no advantage from a motion to dismiss where the violation is only technical and no prejudice can be demonstrated.

With this new policy we seek to recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal.

In each of the cases within, the Court of Appeals' Order of Dismissal is reversed, the case is remanded to the Court of Appeals, and the Court of Appeals is directed to reconsider the Motion for Dismissal utilizing CR 73.02(2) as presently constituted and consistent with this opinion.

AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., and HARRY B. MILLER, Special Justice, concur.

VANCE, J., dissents by separate opinion.

VANCE, Justice, dissenting.

I do not object to the result reached herein so much as I object to the method by which the majority reaches that result.

I believe there is no more important principle in law than the principle that rules of law should be uniformly applied.

If we no longer require a notice of appeal to designate "the judgment" appealed from as specified in C.R. 73.03 and if an appeal may now be taken from an order which is not a "final or appealable judgment" as specified in C.R. 54.01, we should change our rules to permit that practice. Instead, we rely upon the adoption of a catch-all provision in C.R. 73.02(2) which permits consideration of any rule violation regarding appeals upon a case-by-case basis. It is my belief that this case-by-case approach will not result in a uniform application of the law.

I would much prefer that we amend our rules of practice so that they do not constitute a trap for the unwary, but I firmly believe that once a rule of practice is adopted by this court, it should be enforced uniformly as to all.