EXCEL ENERGY, INC., Appellant,

v.

COMMONWEALTH INSTITUTIONAL SECURITIES, INC.; R. Gene Smith; Gerald B. Brenzel; and George Lawson, Appellees.

No. 1999–SC–0252–DG.

Supreme Court of Kentucky.

Nov. 22, 2000.

As Modified on Denial of Rehearing March 22, 2001.

Donald L. Cox, William H. Mooney, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, Counsel for Appellant.

Janet P. Jakubowicz, John K. Bush, Thomas E. Powell II, Greenebaum, Doll & McDonald, Louisville, Counsel for Appellees, Commonwealth Institutional Securities, Inc. and R. Gene Smith.

Nader G. Shunnarah, Louisville, Counsel for Appellee, George Lawson.

Gerald B. Brenzel, Louisville, Counsel for Appellee, Gerald B. Brenzel.

JOHNSTONE, Justice.

The Court of Appeals dismissed the appeal of Appellant, Excel Energy, Inc. (hereinafter "Excel"), against Appellees on grounds that the appeal was not timely filed. We granted discretionary review and affirm the Court of Appeals.

On October 30, 1998, the Jefferson Circuit Court entered an order granting summary judgment to R. Gene Smith, who was a defendant in a lawsuit styled *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc. et al.*, Civil Action No. 95–CI–01090. Pursuant to CR 73.02, the last day Excel had to timely file a notice of appeal, from this decision was November 30, 1998.

CR 73.02 provides in pertinent part:

(1)(a) The notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2).

(b) If an appeal or cross-appeal is from an order or judgment of the circuit court, the filing fee required by Rule 76.42(2)(a)(i) or (ii) shall be paid to the clerk of the circuit court at the time the notice of appeal or cross-appeal is filed, and the notice shall not be docketed or noted as filed until such payment is made....

(2) The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial. Failure to comply with other rules relating to appeals or motions for discretionary review does not affect the validity of the appeal or motion, but is ground for such action as the appellate court deems appropriate....

Near the close of business on November 30, 1998, Excel took its notice of appeal to the Jefferson Circuit Clerk's office and file stamped it via a file stamp machine located in the Clerk's office. However, payment for the filing fee was not attached to the notice of appeal. Further, apparently the notice was simply dropped in an in-box rather than given to the Clerk for processing. The procedure in the Jefferson Circuit Court of file stamping items and then depositing them in an in-basket at the Clerk's office is commonly known as "clock and drop." The Jefferson Circuit Court Clerk notified Excel's counsel the next day, December 1, 1998, that the filing fee was missing and refused to note on the docket sheet that the notice of appeal had been filed until the filing fee was paid. Excel's counsel promptly tendered the filing fee. The Clerk then duly docketed the notice of appeal and noted it as being filed on December 1, 1998, which was one day late under the rules.

The facts of this case are very similar to those in *Manly v. Manly*, Ky., 669 S.W.2d 537 (1984). Like the case at bar, the losing side in a civil case "clocked and dropped" a notice of appeal on the last day to timely file a notice of appeal under the rules. *Id.* at 538. Likewise, the losing party did not attach a filing fee to the notice; rather, the filing fee was paid two days later. *Id.* However, unlike the case at bar, the Clerk did docket the notice and note that it had been filed on the same day that the notice had been "clocked and dropped." *Id.* at 539–40. The *Manly* Court held that the notice was not timely filed because the Clerk had no authority under the rules to file or docket the notice until the filing fee was paid. *Id.* at 540. Under *Manly*, the payment of the filing fee was considered "a jurisdictional prerequisite to the filing of a Notice of Appeal and that such payment is a condition precedent to the filing of an appeal." *Id.* at 541 (Wintersheimer, J., dissenting).

CR 73.02 was amended after *Manly* was decided. The amended rule marked a change from a policy of strict compliance with the rules of appellate procedure, as exemplified in *Manly, supra*, to a policy of substantial compliance with the rules of appellate procedure. *Ready v. Jamison*, Ky., 705 S.W.2d 479, 481 (1986). This change to substantial compliance was central to our analysis of a case with a similar set of facts in *Foxworthy v. Norstam Veneers, Inc.*, Ky., 816 S.W.2d 907 (1991).

In *Foxworthy*, the losing party in a civil case mailed its notice of appeal from Lexington, Kentucky, to the Clerk of the Jefferson Circuit Court well before the last day to file its notice of appeal, but failed to include payment of the filing fee as required by CR 73.02(1)(b). *Id.* The Jefferson Circuit Court Clerk noted on the docket sheet the notice of appeal as being filed on the same day it was received. *Id.* at 908. When counsel for the losing party discovered the mistake, he promptly notified the Jefferson Circuit Court Clerk and tendered payment for the filing fee. *Id.* However, by then, more than thirty days had elapsed since the entry of judgment in the underlying case. *Id.* The *Foxworthy* Court applied the doctrine of substantial compliance and held that failure to timely pay a filing fee was neither automatically fatal nor a jurisdictional prerequisite to filing a notice of appeal. *Id.* at 910.

Excel argues that pursuant to *Foxworthy, supra*, we should apply the doctrine of substantial compliance and hold that dismissal is not automatically required in this case. Specifically, Excel argues that the one day late payment of the filing fee in no way prejudiced the Appellees in this case. The Appellees conceded as much at oral argument. If this case turned on whether late payment of a filing fee requires automatic dismissal, then we would agree that the sanction is too harsh in this case. However, this case turns on whether Excel timely filed its notice of appeal, rather than turning on what penalty is appropriate for a late payment of a filing fee.

Excel argues that it did file a timely notice of appeal when it "clocked and

dropped" the notice of appeal as explained above. While not expressly saying so, Excel's argument seems to be that it is standard practice in Jefferson County for a losing party to *file* a notice of appeal by time stamping the notice and leaving it in the Clerk's in-basket for processing. However, even if true, this practice of self-filing is not consistent with either the Jefferson Rules of Procedure or CR 73.02.

The "clock and drop" procedure in Jefferson County was not established to facilitate the filing of notices of appeal. Rather, its only purpose is to facilitate motion practice. Jefferson Rule of Practice (JRP) 304 is the only local rule which refers to the "clock and drop" procedure and it clearly only applies to motion practice. JRP 304 provides in pertinent part: "All motions, civil and criminal, to be heard at motion hours shall be filed and clocked no later than. . . ." There is no local rule in Jefferson County that allows a party to *file* a notice of appeal via the "clock and drop" procedure.

■ In the case at bar, the Jefferson Circuit Court Clerk refused to file Excel's notice of appeal, *i.e.*, note it on the docket sheet as filed, until it received the filing fee. This is exactly what the Clerk should do pursuant to CR 73.02(1)(b), which clearly states that "the notice shall not be docketed or noted as filed until such payment is made. . . ." Further, the rule does not provide a means for a party to "self file" a notice of appeal. Excel did not file the notice of appeal when it time stamped the notice and left it in the Clerk's office for processing. At most, it merely tendered the notice to the Clerk to be filed on the same date that was time stamped on the notice. In so doing, Excel assumed the risk that the Clerk would not be able to file the notice as tendered because the filing fee had not been paid.

The fact that the Clerk refused to file the notice of appeal until the filing fee had been received distinguishes this case from *Foxworthy, supra.* In *Foxworthy,* the Clerk "compounded counsel's mistake by filing the Notice of Appeal rather than returning it." *Foxworthy,* 816 S.W.2d at 908. In the case at bar, the Jefferson Circuit Court Clerk did everything possible to correct the error by refusing to file the notice and by promptly notifying Excel's counsel that the filing fee for the notice of appeal had not been tendered. CR 73.02 and our cases interpreting the rule make clear that strict compliance still applies to *tardy* notices of appeal. *See, e.g., Johnson v. Smith,* 885 S.W.2d 944, 950 (1994); *City of Devondale v. Stallings,* Ky., 795 S.W.2d 954, 957 (1990).

The conclusion is inescapable that Excel's notice of appeal was filed one day too late, and, thus, it was not timely filed. "The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." CR 73.02(2).

■ We further note that *Johnson v. Smith, supra,* makes clear that this is not a jurisdictional issue. As the *Johnson* Court explained:

> [L]osing litigants are constitutionally vested with a right of appeal and appellate courts are constitutionally vested with jurisdiction. Strictly speaking, the notice of appeal is not jurisdictional. It is a procedural device prescribed by the rules of the court by which a litigant may invoke the exercise of the inherent jurisdiction of the court as constitutionally delegated. This is why CR 73.02(2) describes automatic dismissal as the penalty for failure of a party to file a timely notice of appeal, but not as a lack of jurisdiction.
>
> If it were otherwise, the rules could not be changed except by constitutional amendment. This Court has the power to deny or dismiss an appeal if the rules are not followed, based on its own rules, but no power to create or deny jurisdiction.

*Johnson,* 885 S.W.2d at 949–50.

■ Thus, our holding today, that a tardy notice of appeal is subject to automatic

dismissal and cannot be saved through application of the doctrine of substantial compliance, is a policy decision that is reflected in CR 73.02. This policy choice is necessary to preserve the finality of judgments. *Id.* at 950.

For the reasons set forth above, the decision of the Kentucky Court of Appeals is hereby affirmed.

COOPER, KELLER, and WINTERSHEIMER, JJ., concur. LAMBERT, C.J., dissents by separate opinion, with GRAVES and STUMBO, JJ., joining that dissent.

LAMBERT, Chief Justice, dissenting.

Respectfully, I dissent.

The "clock and drop" system is a mechanical substitute for a live person, and this system was instituted by the clerk's office for administrative convenience. Moreover, the practice of filing notices of appeal through this system is accepted by the Jefferson Circuit Clerk's office. It also has the tacit approval of this Court, as we have not denied its validity. Thus, we should not punish those who use this system by now adhering to the outdated policy of strict compliance when substantial compliance is the standard with regard to rules of appellate procedure. To do so accomplishes no purpose recognized as meaningful within the administration of the courts.

The opposing party here was not prejudiced. The lawsuit was not delayed. A simple phone call from the clerk's office notifying counsel of the defect engendered an immediate cure. Thus, the majority opinion represents nothing but a Pyrrhic triumph of form over substance. Justice and its effective administration has not been served.

When a mechanical device is offered in lieu of personal service in the Kentucky court system, the device should guard against user error or the court should make concessions for its imperfections. Although the defect in filing the notice of appeal here was the fault of counsel in the first instance, the defect persisted because of an imperfect processing procedure. This Court should adopt a stance of humility and take responsibility for its share of the failure of this system. The goal of the judiciary as a forum for the fair determination of controversies on the merits is disserved by the inflexible position of the majority.

GRAVES and STUMBO, JJ., join this dissenting opinion.