**NORWEST BANK MINNESOTA, N.A., Appellant,**

v.

**Darrel HURLEY, Appellee.**

No. 2002–SC–0055–DG.

Supreme Court of Kentucky.

April 24, 2003.

As Modified May 14, 2003.

Brian E. Chapman, Weltman Weinberg & Reis Co., LPA, Cincinnati, OH, Counsel for Appellant.

E. Liddell Vaughn, Hargadon Lenihan Harbolt & Herrington, PLLC, Louisville, Counsel for Appellee.

Opiinion of the Court by Justice JOHNSTONE.

The Court of Appeals dismissed Appellant's appeal on grounds that it was not timely filed. We granted discretionary review and reverse.

I. *Facts and Procedural History*

Appellant, Norwest Bank Minnesota, N.A., instituted a foreclosure action against Appellee, Darrel Hurley, on September 9, 1999. Hurley answered with a general denial on October 5, 1999. A few days later, Hurley served interrogatories and requests for production of documents on Norwest's counsel. After two months without a response to his discovery requests, Hurley moved the trial court for an order to compel discovery. Both parties appeared at the hearing on the motion, which was held on January 14, 2000. At the conclusion of the hearing, the trial court ordered Norwest to produce answers to the outstanding discovery requests within ten (10) days.

After Norwest failed to comply with the court's ten-day deadline, Hurley moved the trial court to dismiss the action against him with prejudice. The motion was noticed for March 10, 2000. Norwest did not appear at the hearing. By written order entered on March 21, 2000, the trial court granted Hurley's motion and awarded him $750.00 in attorney's fees.

Norwest filed a notice of appeal on April 20, 2000, from "the Court's decision of March 10, 2000, whereby the Court overruled [Hurley's] motion to dismiss." The Court of Appeals concluded that the notice was in error. "Obviously, [Norwest] intended to appeal from the March 21, 2000, order granting [Hurley's] motion to dismiss." *Slip op.* at 3. Because the March 21 order was the only final and appealable order, the Court of Appeals concluded that "the doctrine of substantial compliance saves [Norwest] from dismissal despite the erroneous designation and date in the notice." *Id.* at 4. But in addition to stating the wrong order and date in the notice of appeal, Norwest's counsel failed to sign the check that Norwest tendered as payment for filing the notice.

When the circuit court clerk received Norwest's notice of appeal and the unsigned check, the clerk phoned Norwest's counsel and alerted him that the check was unsigned and that it was being returned to him for proper signature. Nonetheless, the clerk assured Norwest's counsel that the notice of appeal would be filed. And the clerk did in fact note on the docket that the notice was filed on the day it was received, April 20. The circuit clerk received the signed check on May 9, and noted on the docket that the notice of appeal was paid on the same day. The Court of Appeals concluded that the clerk violated CR 73.02(1) by filing Norwest's notice of appeal, because payment was not made timely, *i.e.*, the docket sheet reflects that payment was made on May 9, which was beyond the thirty-(30) day limit set forth in CR 73.02(1). It then held, under our decision in *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, Ky., 37 S.W.3d 713 (2001), that Norwest's Notice of Appeal was untimely and dismissed the appeal. We disagree and reverse.

## II. *Discussion*

CR 73.02(1) states in pertinent part:

If an appeal or cross-appeal is from an order or judgment of the circuit court, the filing fee required ... shall be paid to the clerk of the circuit court at the time the notice of appeal or cross-appeal is tendered, and the notice shall not be docketed or noted as filed until such payment is made....

Two of our cases interpreting this rule, *Foxworthy v. Veneers*, Ky., 816 S.W.2d 907 (1991), and *Excel Energy, supra*, are important to the discussion of this case.

In *Foxworthy*, the appellant mailed a notice of appeal to the Jefferson Circuit Court Clerk's office, but failed to include the required payment for filing the notice. *Foxworthy*, 816 S.W.2d at 908. When the notice was received, the clerk's office "compounded counsel's mistake by filing the Notice of Appeal rather than returning it." *Id.* The failure to remit payment was discovered by the appellee, who notified the circuit court clerk's office. *Id.* In turn, the clerk's office notified the appellant, who promptly forwarded payment to the clerk's office. But by then, the thirty-day time limit had already expired. *Id.* Under these facts, we held that the failure to timely pay the filing fee did not require automatic dismissal of the appeal. *Id.* at 910.

In *Excel Energy*, the appellant—on the last day for filing a notice of appeal—brought a notice of appeal to the Jefferson

Circuit Court Clerk's office, time stamped the notice via a file stamp located in the office, and dropped the stamped notice in the office in basket. *Excel Energy*, 37 S.W.3d at 715. Unfortunately, the appellant failed to tender payment for filing the notice. *Id.* The next day, the clerk notified counsel of the missing payment and refused to note on the docket sheet that the notice had been filed until payment was made. *Id.* The appellant immediately tendered a check for the filing fee and the clerk promptly noted that the notice had been filed. *Id.* Because the notice was filed one day late, we held that, as a matter of policy, the notice of appeal was not filed timely and, therefore, was properly dismissed by the Court of Appeals. *Id.* at 717.

The different result reached in these two cases comes from the straightforward application of CR 73.02(2), which provides in pertinent part:

> The failure of a party to file timely a notice of appeal ... shall result in dismissal or denial. Failure to comply with other rules relating to appeals ... does not affect the validity of the appeal ..., but is ground for such action as the appellate court deems appropriate....

In *Foxworthy*, the notice of appeal was timely filed, and dismissal was not mandated by the rule. But in *Excel Energy*, the notice of appeal was not timely filed, and dismissal was mandated by the rule.

In the case at bar, the Court of Appeals concluded that *Foxworthy* and *Excel Energy* could not be construed consistently with each other:

> With all due respect, we are of the opinion that *Foxworthy* provides an unreasonable and unpredictable approach to the problem that cannot be reconciled with *Excel.*
>
> The *Foxworthy* approach to the filing fee problem leaves compliance with CR 73.02 entirely to the whim of the circuit clerk. Placing in the hands of clerks such discretionary power over the timeliness of an appeal creates the anomalous situation in which an appellant lucky enough to file with a clerk who does not follow the rule is rewarded with a timely-filed notice of appeal. The notice of appeal of an appellant who files with a clerk adhering to the dictates of CR 73.02 is automatically dismissed as untimely. Such an approach simply cannot be squared with the policy analysis set out in *Excel.* Furthermore, we cannot ignore the fact that such unlimited discretion on the part of clerks exposes the procedure for filing notices of appeal to potential bias and abuse based upon counsel's acquaintance or relationship with a clerk. We are therefore convinced that the more predictable rule established in *Excel* is the only fair, reasonable, and workable solution to compliance with CR 73.02.

*Slip op.*, at 6 – 7.

With all due respect to the Court of Appeals, its reasoning cannot be reconciled with *Foxworthy*, *Excel Energy*, or the plain language of CR 73.02.

In this case, the notice of appeal was filed timely. Automatic dismissal was not required by *Excel Energy* or CR 73.02(2). Rather, the Court of Appeals had the discretion to determine what sanctions were appropriate, if any, upon finding that Norwest had violated the appellate rules. *See* CR 73.02(2). This discretion is sufficient to check the potential for abuse that concerned the Court of Appeals. But we stress that there is absolutely no basis in the record to support the Court of Appeals' implication that circuit court clerks of this Commonwealth, or their deputies, are not faithful to their sworn oaths to execute their duties "without favor, affection or partiality." KRS 30A.020. There-

fore, we hold that automatic dismissal of Norwest's appeal was not appropriate under either CR 73.02 or *Excel Energy*.

In conclusion, we note that the Court of Appeals' holding that CR 73.02 requires automatic dismissal of Norwest's appeal, assumes that Norwest's counsel's tender of an unsigned check was not a "payment" within the meaning of CR 73.02. As this is not an issue on appeal, we do not address it here. Nonetheless, we emphasize that we are far from convinced that this assumption is correct. *See Dubost v. U.S. Patent and Trademark Office*, 777 F.2d 1561, 1566 (Fed.Cir.1985) (Commissioner of Patents and Trademarks could file, provisionally on the date it was received, a patent application that was accompanied by an unsigned check as payment for the filing fee.).

For the reasons set forth above, we reverse the decision of the Court of Appeals and remand this case for a decision on the merits.

COOPER, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., concurs by separate opinion, with GRAVES, J., joining that concurring opinion.

Concurring opinion by Chief Justice LAMBERT.

I concur with the majority but express the view that the only distinction between our decisions in *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*[1] and *Foxworthy v. Norstam Veneers, Inc.*[2] is the response of the clerk to the flawed tender of the notice of appeal and

filing fee. The Court of Appeals summed it up as follows:

> The *Foxworthy* approach to the filing fee problem leaves compliance with CR 73.02 entirely to the whim of the circuit clerk. Placing in the hands of clerks such discretionary power over the timeliness of an appeal creates the anomalous situation in which an appellant lucky enough to file with a clerk who does not follow the rule is rewarded with a timely filed notice of appeal.[3]

This case does nothing to resolve the conflict. It merely perpetuates a system in which parties who obtain a filing stamp get one result, and those who do not get another result despite overwhelming similarity of circumstances.

The circumstances presented in all three cases (*Foxworthy*, *Excel*, and the present case) are the same. The appealing party timely tendered a notice of appeal but failed to attach proper payment of the filing fee. It is well-settled that payment of the filing fee is not jurisdictional,[4] and the failure of a party to attach proper payment should not be fatal due to the doctrine of substantial compliance.

The doctrine of substantial compliance was instituted to prevent parties from forfeiting their constitutional right of appeal for insubstantial reasons. As stated in *Foxworthy* automatic dismissal of an appeal because the filing fee was not properly attached to the notice "qualifies as a Draconian measure."[5] There is a clear and substantial reason to require strict compliance with rules requiring a timely notice of appeal.

1. Ky., 37 S.W.3d 713 (2001).

2. Ky., 816 S.W.2d 907 (1991).

3. Slip op. at 7.

4. *Manly v. Manly,* Ky., 669 S.W.2d 537at 539–40 (1984).

5. 816 S.W.2d at 909.

I concurred with the unanimous Court in *Foxworthy* and dissented in *Excel* on the view that timely tender of the notice of appeal is sufficient, and that failure to pay the filing fee is a remedial defect. We should overrule *Excel* and return to the sound principles contained in *Foxworthy.*

GRAVES, J., joins this concurring opinion.