KRAMER, CHIEF JUDGE:
On July 8, 2016, this Court ordered Michael R. Bruner, the appellant herein, to show cause as to why his appeal should not be dismissed as untimely. Having reviewed his response and the response of the above-captioned appellee, this Court determines Bruner has failed to show cause.
As stated in the prior order of this Court, the final order of the Jefferson Circuit Court that Bruner sought to appeal was entered April 29, 2016. If Bruner wished to appeal, his notice of appeal was due no later than May 31, 2016. See Kentucky Rules of Civil Procedure (CR) 73.02(1)(a) ; see also CR 6.01. Bruner tendered his notice of appeal on May 31, 2016. But, he did not tender the requisite filing fee until June 8, 2016, and CR 73.02(1)(b) mandates that a notice of appeal "shall not be docketed or noted as filed until such payment is made." Consequently, Bruner's notice of appeal was not docketed or noted as filed until June 8, 2016-a date well outside the period in which Bruner could have invoked our jurisdiction.
In response to our show cause order, Bruner asserts that his failure to timely pay the filing fee was the result of his counsel's law clerk's difficulty navigating the Jefferson Circuit Court's online electronic filing system. To that end, the law clerk, whose affidavit has been filed in this matter, explained in relevant part that no fee was paid until June 8, 2016, because the online electronic filing system did not prompt him to pay a filing fee when he electronically tendered the notice of appeal.
*671 But, to the extent Bruner is attempting to excuse the untimeliness of his filing fee by assigning blame to the Jefferson Circuit Court's online electronic filing system, his argument is misplaced. As the parties acknowledge, the system in question was implemented under the authority of the Kentucky Supreme Court's Amended Order 2015-02. And, Section 15 of that order, entitled "Technical Difficulties; System Unavailability," provides in relevant part:
(1) Jurisdictional deadlines. Some deadlines are jurisdictional and cannot be extended. A technical failure, including a failure of the eFiling system, will not excuse a failure to comply with a jurisdictional deadline. The eFiler must ensure that a document is timely filed to comply with jurisdictional deadlines and, where necessary to comply with such deadlines, the eFiler must file the document conventionally accompanied by a certification of the necessity to do so in order to meet a jurisdictional deadline.
As discussed, the deadline for filing a notice of appeal is jurisdictional. Thus, even if Bruner's failure to timely pay his filing fee was attributable to the circuit court's online electronic filing system, it would provide no excuse.
Next, Bruner directs our attention to an automated response his counsel received from the Clerk of the Jefferson Circuit Court via email shortly after eFiling his notice of appeal. The subject heading states "NEF (for eFiler), JEFFERSON Circuit 12-CI-000839," and further provides, in relevant part, an acknowledgement that on "May 31, 2016 at 11:42AM Eastern ... The following document(s) were included in this eFiling: NOTICE-OTHER: NOTICE OF APPEAL." Based upon this automated response, Bruner contends that his notice of appeal was actually filed by the Clerk on May 31, 2016; and, because of that, Bruner likens what occurred here with what occurred in Norwest Bank Minn., N.A. v. Hurley , 103 S.W.3d 21 (Ky. 2003).
We disagree. Hurley involved a situation in which an appellant tendered a timely notice of appeal along with an unsigned check. Id. at 22. The circuit clerk docketed the notice, but informed counsel that the check was being returned for a signature. Id. Counsel made prompt payment with a signed check, but it was after the time for filing an appeal had expired. Ultimately, the Kentucky Supreme Court determined that because the clerk had docketed the notice of appeal the day it was filed , the notice of appeal had been validly filed-despite the clerk's violation of CR 73.02(1)(b). Id. at 23-24.
However, the Hurley court distinguished its holding from a much different one reached in Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc. , 37 S.W.3d 713 (Ky. 2000), as modified on denial of reh'g (Ky. 2001), a case involving somewhat similar facts. In Excel , the appellant-on the last day for filing a notice of appeal-brought a notice of appeal to the Jefferson Circuit Court Clerk's office, time stamped the notice via a file stamp located in the office, and dropped the stamped notice in the "in" basket located in the office. Id. at 715. Unfortunately, the appellant failed to tender payment for filing the notice. Id. The next day, the clerk notified counsel of the missing payment and refused to note on the docket sheet that the notice had been filed until payment was made. Id. The appellant immediately tendered a check for the filing fee and the clerk promptly noted that the notice had been filed. Id. Because the notice was filed one day late, the Kentucky Supreme Court ultimately determined the notice of appeal was not filed timely and, *672 therefore, was subject to automatic dismissal. Id. at 717.
In short, if a notice of appeal is tendered to a clerk within the time permitted by the Civil Rules, but is unaccompanied by the requisite filing fee, there could be two very different results: (1) As in Hurley , the clerk might violate his or her oath of office by accepting the notice of appeal anyway, in which case the ensuing appeal will not be subject to automatic dismissal as untimely; or (2) as in Excel , the clerk might refuse to file the notice of appeal until the filing fee is received, in which case-assuming the filing fee is paid on a date outside the appellate window-the ensuing appeal will be subject to automatic dismissal as untimely.
Here, the situation is analogous to what occurred in Excel . Bruner attempts to equate the "NEF" document his counsel automatically received via email to something akin to an admission from the clerk that the clerk actually accepted and filed his notice of appeal on May 31, 2016, without first having received the filing fee. In drawing this comparison, Bruner labors under a misapprehension. An "NEF," or "Notice of Electronic Filing," does not indicate a clerk accepts or refuses any kind of filing. It is merely "a notice automatically generated by the electronic filing system at the time a document is filed with the system, containing the date and time of filing in Eastern Time and an electronic hyperlink to the document filed." See Amended Order 2015-02, Section 5(17).
Conversely, what would have indicated whether the clerk accepted Bruner's notice of appeal is a "Notification of Court Processing (NCP)," which "means a notice automatically generated by the electronic filing system indicating that an eFiled document has been processed by the clerk. The NCP will indicate whether the filing has been accepted or rejected. " See Amended Order 2015-02, Section 5(16) (emphasis added). No NCP appears of record.
The certified record before us provides the only indication of when the clerk accepted Bruner's notice of appeal: June 8, 2016, the date Bruner paid his filing fee. Bruner's notice of appeal was therefore untimely, and we DISMISS his appeal on that basis.
ALL CONCUR.