RENDERED: JUNE 3, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0724-MR

MARK STONEX AND MICHELLE
SHANKLIN                                                                APPELLANTS


APPEAL FROM CUMBERLAND CIRCUIT COURT
v.        HONORABLE GREGORY A. LAY, SPECIAL JUDGE
ACTION NO. 19-CI-00092


CAITLIN HIGINBOTHAM                                                        APPELLEE


AND                          NO. 2020-CA-0725-MR

JONATHAN HALL                                                             APPELLANT


APPEAL FROM CUMBERLAND CIRCUIT COURT
v.        HONORABLE GREGORY A. LAY, SPECIAL JUDGE
ACTION NO. 19-CI-00092


CAITLIN HIGINBOTHAM                                                        APPELLEE

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: Appellee, Caitlin Higinbotham (Caitlin), filed a complaint in Cumberland Circuit Court on November 14, 2019, against Probation and Parole Officer Tyler Young, and others. Therein, Caitlin alleged, *inter alia*, that Officer Young was liable for assault, battery, negligence, gross negligence, and intentional infliction of emotional distress arising from acts committed by Officer Young while Caitlin was reporting to her probation and parole office. According to paragraph ten of her complaint, those acts include mistreatment, harassment, molestation, and sexual abuse.

Also named as individual defendants were Jonathan Hall, Mark Stonex, and Michelle Shanklin (collectively referred to as "Appellants"). To be clear, the only allegations raised against Appellants in the complaint include negligent supervision, training, and care, based on their supervisory roles.[1] Each Appellant is identified in the complaint as follows: Hall (former Director of Probation and Parole); Stonex (Probation and Parole Western Branch Manager); and Shanklin (Assistant Supervisor of Warren County Probation and Parole). On

---

[1] Count I therein also alleges that Appellants' conduct constituted gross negligence, *etc.*

-2-

April 29, 2020, Special Judge Gregory Lay granted Appellants' motion to dismiss with respect to all claims asserted against them in their official capacities, and denied their motion to dismiss with respect to those claims asserted against them in their individual capacities. *See* CR[2] 12.02(f). Appellants appealed to this Court as a matter of right. *See Breathitt v. Prater*, 292 S.W.3d 883 (Ky. 2009). Our standard of review was summarized in *Fox v. Grayson*:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved . . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

Before we address the merits of the present issue, we must address a procedural matter. The notice of appeal provides that Stonex and Shanklin

---

[2] Kentucky Rules of Civil Procedure.

appealed from the April 29 order "in their individual capacities." They did not pay the filing fee, but the circuit court clerk docketed their notice of appeal on May 29, 2020. However, Appellant Hall did pay the filing fee for his appeal. On June 9, 2020, this Court ordered Stonex and Shanklin to show cause why their appeal should not be dismissed based on their failure to pay the filing fee. Stonex and Shanklin filed a response on June 29, 2020. They rely on KRS[3] 12.200 *et seq.*, stating: "The clear intent is that persons sue [sic] for acts or omissions in the course and scope of their employment with the Commonwealth not be burdened with legal costs except under narrow circumstances." Appellants do not cite any case law in support of their interpretation of the statutes. KRS 12.211 provides:

> Upon request of an employee or former employee, the Attorney General may provide for the defense of any civil action brought against such employee in his official or individual capacity, or both, on account of an act or omission made in the scope and course of his employment as an employee of the Commonwealth and any of its agencies, except that neither the state, state employee, nor former state employee shall be subject to an action arising from discretionary acts or decisions pertaining to the design or construction of public highways, bridges, or buildings.

Pursuant to KRS 12.213:

> The Governor shall provide by regulation for the defense of employees or former employees of the Commonwealth pursuant to KRS 12.211 to 12.215 by one (1) or more of the following methods:

---

[3] Kentucky Revised Statutes.

(1) By the Attorney General;

(2) By employing other counsel for this purpose as provided for in KRS 12.210;

(3) By authorizing the purchase of insurance which requires that the insurer provide or underwrite the cost of the defense; or

(4) By authorizing defense by counsel assigned to or employed by the department, agency, board, commission, bureau, or authority which employed the person requesting the defense.

Stonex and Shanklin are presently represented by the counsel for the Justice and Public Safety Cabinet, which appears to fall within KRS 12.213(4). As to the costs of the defense, KRS 12.215 provides:

The expenses incurred by the Attorney General in defending state employees and former state employees shall not be charged against the regular budget of the Attorney General but shall be paid by the secretary of the Finance and Administration Cabinet from unappropriated general funds surplus in the State Treasury as a necessary governmental expense on vouchers submitted by the Attorney General and approved by the secretary. The expenses to be so paid include **but are not limited to** the cost of the time spent by salaried attorneys of the Attorney General's office, contract attorneys, court reporters, and the cost of trial preparation and investigation.

(Emphasis added.) The applicable administrative regulations likewise state:

Section 7. Cost of Administration. The Attorney General shall be reimbursed for the cost to his or her office for the administration of KRS 12.211 to 12.215 upon vouchers submitted by the Attorney General and

approved by the Secretary of the Finance and
Administration Cabinet.

10 KAR[4] 1:011.  The statutes and regulations do not expressly state whether the

filing fees are waived.  The provisions stating the Attorney General can be

reimbursed for "expenses to be [] paid" supports the conclusion that Appellants

were required to pay the filing fee.

Considering generally whether the Commonwealth must pay filing

fees, KRS 453.010 provides:

> No judgment for costs shall be rendered against the
> Commonwealth in any action prosecuted by or against
> the Commonwealth in its own right, unless specifically
> provided by statute; provided, however, that in any civil
> action filed in any court of competent jurisdiction by or
> against the Commonwealth of Kentucky, the costs may
> be paid by the Commonwealth when such costs are
> approved and allowed by the judge of the court in which
> the case was filed.  Costs shall not exceed the fees
> allowed for similar services in other civil actions.

In *Commonwealth v. Pelfrey*, No. 2001-CA-001048-MR, 2003 WL

1254293 (Ky. App. Feb. 7, 2003), the circuit court dismissed the Transportation

Cabinet's petition for review of a Board of Claims decision in the Pelfreys' favor.

This Court held dismissal of the petition was correct because "the Cabinet failed to

ensure that the Pelfreys were served with process as mandated by the unambiguous

terms of CR 3 and 4."  *Id.* at *4.  The Court held the issue of whether the petition

---

[4] Kentucky Administrative Regulations.

should have been dismissed for failure to comply with CR 3.02 (payment of circuit court filing fees) was moot. In dicta, the Court then stated:

> While the statute [KRS 453.010] does expressly vest the circuit court with authority to assess costs against the Commonwealth at the conclusion of an action when deemed appropriate, such authority is permissive rather than mandatory. That being the case, the court is not empowered to dismiss an action initiated by a state agency (the Cabinet) for failure to pay the filing fee as was the case here, since the agency had no way of knowing in advance if the court would exercise its authority and, therefore, could not be held accountable for paying a fee that had not been assessed. Such a result would not only be inconsistent with the plain language of the statute, it offends common sense. Assessing a filing fee against the Commonwealth is the equivalent of ordering the Commonwealth to transfer money from one pocket to another.

*Id*. at *5.

The present case involves an appeal taken by individuals, not by the Commonwealth or a state agency. Appellants won on the issue of liability in their "official capacities," and their appeal pertains to whether the plaintiff may proceed against them individually. The Kentucky Circuit Court Clerks' Accounting Manual[5] provides that only the Commonwealth and state agencies are exempt from payment of the filing fee. It would also be inequitable to permit Stonex and Shanklin to avoid the fee, while Hall paid the fee, because the three individuals are

---

[5] https://kycourts.gov/Courts/County-Information/Documents/CCCAcctManual.pdf (last visited Jun. 1, 2022).

similarly situated.  We addressed a similar issue in *Bruner v. Sullivan*

*University System, Inc.*, as follows:

> In short, if a notice of appeal is tendered to a clerk
> within the time permitted by the Civil Rules, but is
> unaccompanied by the requisite filing fee, there
> could be two very different results:  (1) As in
> *Hurley*,[6] the clerk might violate his or her oath of
> office by accepting the notice of appeal anyway, in
> which case the ensuing appeal will *not* be subject
> to automatic dismissal as untimely; or (2) as in
> *Excel*,[7] the clerk might refuse to file the notice of
> appeal until the filing fee is received, in which case
> – assuming the filing fee is paid on a date outside
> the appellate window – the ensuing appeal *will* be
> subject to automatic dismissal as untimely.

544 S.W.3d 669, 672 (Ky. App. 2018).  Based on *Bruner*, the present case is not

subject to *automatic* dismissal.  As previously stated, however, Stonex and

Shanklin were provided an opportunity to show cause as to why their appeal

should not be dismissed.  They filed a one paragraph response with no citation to

any specific legal or factual basis that would negate dismissal.  Therefore, Stonex

---

[6] *Norwest Bank Minn., N.A. v. Hurley*, 103 S.W.3d 21 (Ky. 2003) (holding notice of appeal was validly filed, even where appellant tendered an unsigned check with the notice, because the circuit court clerk had docketed the notice the day it was filed).

[7] *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, 37 S.W.3d 713 (Ky. 2000), *as modified on denial of reh'g* (Mar. 22, 2001) (notice of appeal held untimely where appellant placed it in the drop box on the last day for filing without tendering the filing fee; circuit court clerk refused to note on the docket sheet that the notice had been filed until the payment was made the next day).

and Shanklin's appeal is hereby DISMISSED. We now turn to the merits of Appellant Hall's case.

Within his general argument that the trial court erred, Hall argues that Caitlin has failed to make any allegations relevant to whether Hall's alleged acts or omissions were carried out as either discretionary or ministerial functions – *i.e.*, whether Hall is entitled to qualified immunity. The defense of qualified official immunity applies generally as follows:

> [T]o the negligent performance of "(1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority." [*Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)] (internal citation omitted). It does not apply to "the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id.* (citing *Franklin Cty. v. Malone*, 957 S.W.2d 195, 201 (Ky. 1997)).

*Ritchie v. Turner*, 559 S.W.3d 822, 831 (Ky. 2018). Moreover, "[a]n act is not necessarily discretionary just because the officer performing it has some discretion with respect to the means or method to be employed." *Yanero*, 65 S.W.3d at 522.

As Caitlin correctly cites in her brief, CR 8.01 requires that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." "It is not necessary to state a claim with technical precision

-9-

under this rule, as long as a complaint gives a defendant fair notice and identifies the claim. This principle fully applies to negligent supervision claims . . . ." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (internal quotation marks and citation omitted). Immunity is not an element of Caitlin's proof. Rather, "[q]ualified official immunity is an affirmative *defense* that must be specifically pled[,]" by the party invoking the defense. *Yanero*, 65 S.W.3d at 522 (emphasis added) (citation omitted). Having reviewed the complaint and the arguments presented herein, we believe that dismissal at this juncture would be inappropriate. For the foregoing reasons, we dismiss Appeal No. 2020-CA-0724-MR. As to Appeal No. 2020-CA-0725-MR, we affirm the circuit court's order entered on April 29, 2020, and remand for additional proceedings consistent with this Opinion.

      ALL CONCUR.

BRIEFS FOR APPELLANT
JONATHAN HALL:

Chris J. Gadansky
Louisville, Kentucky

Luke Morgan
Lexington, Kentucky

BRIEF FOR APPELLANTS MARK
STONEX AND MICHELLE
SHANKLIN:

Edward A. Baylous II
Frankfort, Kentucky

BRIEFS FOR APPELLEE:

Lee Whittenberg
Monticello, Kentucky